LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone (702) 454-4900
Facsimile   (702) 938-1055
E-mail Bob@Spretnak.com

FULLER, FULLER & ASSOCIATES, P.A.
Lawrence A. Fuller, Esq. (pro hac vice pending)
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile   (305) 893-9505
E-mail: lfuller@fullerfuller.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HELEN SWARTZ, Individually,<br><br>            Plaintiff,<br><br>vs.<br><br>CCLV LUXURY HOTEL, LLC,<br>a Delaware Limited Liability Company,<br><br>            Defendant.<br>_____ / | )<br>)<br>)<br>)<br>)<br>) Case No.: 2:21-cv-1093<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND RELATED STATE LAW CLAIMS**

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility- impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CCLV LUXURY HOTEL, LLC, a Foreign Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the Nevada Revised Statutes 651.070 *et. seq.* ("Nevada ADA" or "NADA"), and

allege the following:

## COUNT I

## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1. Plaintiff, HELEN SWARTZ, is an individual residing in Miami Beach, Florida, in the County of Miami-Dade.

2. Defendant's property, Waldorf Astoria Las Vegas Hotel, is located in the County of Clark at 3752 Las Vegas Boulevard South, Las Vegas, NV.

3. Venue is properly located in the District of Nevada because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* See, also, 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Ms. Swartz has multiple sclerosis and is mobility impaired, and relies on an electric scooter to ambulate. Ms. Swartz regularly visits Las Vegas to enjoy the shopping, shows, gambling and restaurants. Ms. Swartz visited the property which forms the basis of this lawsuit on May 16 through May 19, 2021, and has plans to return before Thanksgiving for pre-holiday dining and shopping, and to avail herself of the goods and services offered to the public at the property. Plaintiff, Helen Swartz, has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety.

6. Defendant owns, leases, leases to, or operates the property described above, which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, see, 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for complying with the

7. HELEN SWARTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint'. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. HELEN SWARTZ desires to visit the subject Property not only to avail herself of the goods and services available at the property but to assure herself that the property is in compliance with the ADA so that she and others similarly-situated individuals will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter-alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the property has shown that violations exist. These common violations that HELEN SWARTZ personally encountered or observed, and which were verified by an ADA expert, are common characteristics at the Property, include, but are not limited to:

    a. The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1).

    b. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

    c. The site has valet parking but does not have a passenger loading zone. This is in violation of sections 209.4 and 503 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

    d. The check-in counter is out of reach to a person in a wheelchair. This is

in violation of sections 227 & 904 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202, §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently access the facility.

  e. In the accessible guestroom #419 which hotel deemed an accessible guestroom, the closet rod in the valet closet is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to access the facility. This is in violation of section 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202 §36.304. This condition denied the plaintiff to independently access the facility.

  f. In the accessible guestroom #419 which hotel deemed an accessible guestroom, there is a lower closet rod, however the hangers are on the upper closet rod that is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations by placing hangers on the lower rod. This is in violation of section 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the plaintiff to independently hang up her clothes.

  g. In the accessible guestroom, #419, an accessible forward reach to access the light switches behind the headboard and night tables are not provided. The hotel did not make reasonable accommodations to access the lights. This is in violation of sections 308.2.2 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. This condition denied the plaintiff's ability to turn on or off the side bed lights independently.

  h. In the accessible guestroom, #419, operable part on the standing lamp is out of reach to a person in a wheelchair. The hotel did not make reasonable accommodations to access the lamp. This is in violation of sections 309 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. This condition denied the plaintiff's ability to turn on or off the standing lamp independently.

  i. In the accessible guestroom, #419, a turning space is not provided to access the HVAC. The hotel did not make reasonable accommodations to redesign the accessible guestroom to access to the facility. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the plaintiff's ability to access the HVAC independently.

  j. In the accessible guestroom, #419, a forward reach is not provided for a person in a wheelchair to access the receptacles on the desk. The hotel did not make reasonable accommodations to redesign the accessible guestroom to access this facility. This is in violation of sections 308.2.2 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the

plaintiff's ability to access the receptacles on the desk independently.

k. In the accessible guestroom, #419, a forward reach is not provided for a person in a wheelchair to access the receptacles on the desk. The hotel did not make reasonable accommodations to redesign the accessible guestroom to access this facility. This is in violation of sections 308.2.2 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the plaintiff's ability to access the receptacles on the desk independently.

l. In the accessible guestroom, #419, the position of the safe in the drawer makes the operable part too heavy to open. The hotel did not make reasonable accommodations to redesign the accessible guestroom to access this facility. This is in violation of sections 309.4 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the plaintiff's ability to access the safe independently.

m. In the accessible guestroom, #419, both entrance doorways to the bathroom have high thresholds. The hotel did not make reasonable accommodations to redesign the accessible guestroom bathroom to access at least one of the entrance doorways. This is in violation of sections 404.2.5 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the plaintiff's ability to access the safe independently.

n. In the accessible guestroom, #419, the hotel did not acknowledge the plaintiff's reservation request for an accessible roll-in shower and instead gave her an accessible guestroom with a transfer shower. The hotel did not make reasonable accommodations to redesign the accessible guestroom for a roll-in shower. This is in violation of section 608 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the plaintiff's ability to access the safe independently.

o. In guestroom #419 which hotel deemed an accessible guestroom, the bathtub does not have grab bars. The hotel did not make reasonable accommodations to redesign the accessible guestroom to access this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition made it difficult for the plaintiff to access the facility independently.

p. In guestroom #419 which hotel deemed an accessible guestroom, the bathtub does not have a seat. The hotel did not make reasonable accommodations to redesign the accessible guestroom to access this facility. This is in violation of section

806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition made it difficult for the plaintiff to access the facility independently.

      q.     In guestroom #419 which hotel deemed an accessible guestroom, the bathtub does not have a shower unit. The hotel did not make reasonable accommodations to redesign the accessible guestroom to access this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition made it difficult for the plaintiff to access the facility independently.

      r.     In guestroom #419 which hotel deemed an accessible guestroom, the toilet paper dispenser is not properly located by the water closet. The hotel did not make reasonable accommodations to redesign the accessible guestroom to access this facility. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition made it difficult for the plaintiff to access the facility independently.

      s.     Accessible seating at the tables and bars inside and outside around the hotel is not provided to a person using a wheelchair. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. The hotel did not make reasonable accommodations to redesign access to these facilities. This condition denied the Plaintiff access to any of the tables and bars around the hotel; 28 CFR §36.201, §36.202 §36.203 & §36.304.

      t.     In the hotel gym/pool bathroom, an object in the accessible toilet compartment is spaced too close above the side grab bar. This is in violation of section 609.3 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. This condition made it difficult for the plaintiff to access the side grab bar.

      u.     In the hotel gym/pool bathroom, the mirrors above the lavatories are too high. This is in violation of section 603.3 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. The hotel did not make reasonable accommodations to redesign access to at least one of the mirrors. This condition made it difficult for the plaintiff to access the facility.

      v.     In the hotel gym/pool bathroom, items are out of reach by the shower. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. The hotel did not make reasonable accommodations to redesign access to these facilities. This condition made it difficult for the plaintiff to access the facility.

  w. An inaccessible seat is underneath the vanity in the hotel accessible toilet room. This is in violation of section 903.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. The hotel did not make reasonable accommodations to redesign access to this facility. This condition made it difficult for the plaintiff to access the facility independently.

  x. Access is not provided to the cabanas by the pool. This denies the plaintiff the choice to use the cabanas in the same manner as an able individual. The hotel did not make reasonable accommodations to provide access to the cabanas. This is in violation of sections 206.2.2 & 303 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304. This condition denied the plaintiff a choice to access the cabanas.

  y. An accessible pool lift is not adjacent to any of the pools or outdoor spas. This is in violation of section 1009.2.1 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. The hotel did not make reasonable accommodations to redesign access to these facilities. This condition made it difficult for the plaintiff to access the facility independently.

  z. The pool lift requires assisted operation. This is in violation of section 1009.2.7 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304. This condition denied the plaintiff to independently access the facility.

  aa. The outdoor sanitizer is out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.201 & §36.304. The hotel did not make reasonable accommodations to redesign access to this facility. This condition denied the plaintiff to access the facility independently.

10. All of the foregoing violations at the Waldorf Astoria Las Vegas Hotel are also violations of the 1991 Americans with Disabilities Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been

discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.302 *et seq.* Furthermore, the Defendant continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant are required to ensure to the maximum extent feasible, that the altered portions of the

facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures their violations of the ADA. The Order should further request the Defendant maintain the required accessible features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

     B.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

     C.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II

### VIOLATION OF THE NEVADA LAW AGAINST DISCRIMINATION - Nevada ADA
(violation of Nevada Revised Statutes 651.070 *et seq.*)

17.    The individual Plaintiff repeats the foregoing allegations as if they were expressly stated herein.

18.    The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

19.    Defendant withheld, denied, deprived and/or attempted to withhold, deny or deprive the Plaintiff the rights and privileges secured to them by NRS 651.070, *et seq.*

20.    Pursuant to NRS 651.070, the Plaintiff was and is entitled to the full and equal enjoyment of the facilities and accommodations of any place of public accommodation, including the premises, goods and services of the Defendant, without discrimination or segregation based on his disability.

21.    Defendant's actions were in violation of a legal duty owed to the individual Plaintiff.

22.    Defendant is and was required to comply with the dictates of the Federal and state laws which forbid discriminatory policies, practices and facilities, including but not limited to architectural barriers.

23.    The individual Plaintiff suffered injury to her dignity, mental anguish and humiliation, and other injuries, which were proximately caused by the Defendant's acts and

failures to act.

24.     An unrelated prior suit was filed against the Wynn Las Vegas (*Spalluto, et al. v. Wynn Resorts Holdings, et al.*, Case 2:07-cv-00096-RLH-PAL), which was dismissed based on the Court's finding that "Plaintiffs lacked standing to sue because they did not present evidence of a definite and concrete plan to avail themselves of the goods and services of Wynn Las Vegas in the future."  In the instant case, Plaintiff Helen Swartz has a reservation to return to the property on November 26, 2020, to celebrate Thanksgiving in Las Vegas and to enjoy the shopping, shows and restaurants.  Attached hereto as Exhibit A is Ms. Swartz' statement of her intent to return, along with reservation confirmation #23697255.

**WHEREFORE**, Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit, is in violation of Nevada Revised Statutes 651.070, *et seq.*

B.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.     Award compensatory damages to Plaintiff HELEN SWARTZ.

D.     An award of attorneys' fees, costs and litigation expenses.

E.     The Court award such other and further relief as it deems necessary.

| | | |
|---|---|---|
| 1 | Dated: __06/08__, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Robert P. Spretnak |
| | | Robert P. Spretnak, Esq. (Bar No. 5135) |
| 4 | | LAW OFFICES OF ROBERT P. SPRETNAK |
| | | 8275 S. Eastern Avenue, Suite 200 |
| 5 | | Las Vegas, Nevada 8912 |
| | | Telephone (702) 454-4900 |
| 6 | | Facsimile   (702) 938-1055 |
| | | E-mail Bob@Spretnak.com |
| 7 | | and |
| 8 | | Lawrence A. Fuller, Esq.(pro hac vice pending) |
| | | FULLER, FULLER & ASSOCIATES, P.A. |
| 9 | | 12000 Biscayne Boulevard, Suite 502 |
| | | North Miami, Florida 33181 |
| 10 | | Telephone (305) 891-5199 |
| | | Facsimile   (305) 893-9505 |
| 11 | | E-mail: lfuller@fullerfuller.com |
| 12 | | Attorneys for Plaintiff |